William Rigler, J.
The instant proceeding was commenced by the filing of a petition, verified on November 13, 1974, alleging that the respondent, father, had abused his daughter, Carol.
On January 29, 1975, a finding was made upon the admission of respondent that he used excessive corporal punishment upon the child, Carol.
After a full study of the family was performed by the Bureau of Child Welfare (BCW), the bureau recommended that the court’s disposition consist of releasing the child to both parents under BCW supervision, for a period of 18 months. The court, agreeing with said recommendation, entered an order consistent therewith. In addition, the court extended a temporary order of protection, in which respondent was directed not to assault or harass his daughter, for a period of 18 months.
The court, in reviewing its authority to issue the order of protection for a period in excess of one year, found a paucity of statutory and case authority in the area, and, therefore, seeks to state the bases for its determination in this decision.
Subdivision (a) of section 1054 of the Family Court Act provides that as a dispositional alternative upon a finding of neglect or abuse, "the court may place the person to whose custody the child is released under supervision of a child *971 protective agency or of a social services official or duly authorized agency, or may enter an order of protection under section ten hundred fifty-six, or both.”
Subdivision b of section 1054 states that, "The duration of any period of supervision shall be for an initial period of no more than eighteen months”. Section 1054 is silent as to the duration of any order of protection issued in a child protective proceeding. Section 1056, however, provides that an order of protection "may set forth reasonable conditions of behavior to be observed for a speciñed time”. *
Thus, although as a general practice, this court has issued orders of protection for a maximum duration of one year, there appears to be no statutory impediment to the issuance of an order of protection for 18 months.
Additionally, in the case of Iadeluca v Iadeluca (28 AD2d 1141) the Appellate Division appears to have recognized that an order of protection, although it must state a specific termination date, may issue for a period in excess of one year.
Finally, in terms of the efficient administration of justice, it makes eminent sense to have both the need for continued supervision and protection reviewed by the court at one hearing.
In light of the foregoing, the court’s order herein has directed both BCW supervision and the order of protection to initially extend for 18 months.

 The other sections of the Family Court Act which authorize the issuance of orders of protection, to wit, sections 446, 551, and 759, similarly speak of "a specified time” for the order of protection’s duration, except section 842 which limits the period to one year.